UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVE GREEN,                              :
                                         :
         Petitioner                      :
                                         :
    v.                                   :         CIVIL NO. 4:CV-05-780
                                         :
CRAIG APKER,                             :         (Judge McClure)
                                         :
         Respondent                      :

## MEMORANDUM AND ORDER

April 27, 2005

**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Dave Green, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood). Petitioner has also submitted an application requesting leave to proceed in forma pauperis. LSCI-Allenwood Warden Craig Apker is named as sole Respondent.

Green identifies himself as being a native and citizen of Jamaica. His petition states that he "was admitted to the United States at Port Everglades, Florida on or about October 25, 2002 as a nonimmigrant visitor for pleasure with authorization to

1

remain in the United States for a temporary period of time. Record document no. 1, p. 2.

On March 17, 2003, Petitioner was apprehended in the State of New York pursuant to an arrest warrant. He was subsequently extradited back to Florida and placed in a federal correctional facility. Green subsequently entered a guilty plea to a charge of conspiracy to import a Schedule II controlled substance in the United States District Court for the Southern District of Florida. Petitioner was thereafter sentenced to a seventy-eight (78) month term of imprisonment, which he is presently serving at LSCI-Allenwood. Following his conviction, the Bureau of Immigration and Customs Enforcement (BICE) lodged a detainer against Green for purposes of a "Deportation Investigation." Id. at p. 3.

Petitioner claims entitlement to federal habeas corpus relief on the grounds that throughout the period of his arrest and criminal prosecution, he was never advised of his right to consult with a diplomat/consular official from his native country.[1] Id. His petition argues that the failure of law enforcement officials to apprise him of his right under 8 C.F.R. § 242 to seek assistance from consular

---

[1] Green does admit that he was represented by a public defender and advised of his Miranda warnings during his federal criminal prosecution.

2

authorities constituted an abuse of discretion and violated his due process and equal protection rights as well as Article 36 of the Vienna Convention on Consular Relations.  Petitioner adds that the placement of the detainer precludes his eligibility for various institutional programs and release to a halfway house. Petitioner further contends that pursuant to the standards announced in INS v. St. Cyr, 533 U.S. 289 (2001), the BICE's detainer is likewise subject to dismissal based on the violation of his right to request assistance from the Jamaican consulate.  As relief, Green requests that his criminal conviction be vacated and that he be granted immediate release.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be

notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

**Criminal Conviction**

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added). Green's present action is clearly challenging the legality of his federal guilty plea in the Southern District of Florida. Therefore, a petition filed pursuant § 2255 is ordinarily the proper vehicle for such a challenge.

During 1996, Congress imposed limitations on the availability of collateral

4

attack of convictions and sentences through amendments to § 2255.[2]  Originally enacted in 1948 as the equivalent of the habeas writ, § 2255 requires that a federal prisoner's request for collateral review of a conviction or sentence must be brought by motion in the district of the criminal trial court.  The only exception, which we will address below, allows a federal prisoner to bring a habeas petition if a § 2255 proves "inadequate or ineffective."  28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343 (1974); Hill v. United States, 368 U.S. 424, 427 (1962); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); In re Vial, 115 F.3d 1192, 1194 (4th Cir 1997); Application of Galante, 437, F.2d 1164, 1165 (3rd Cir. 1971).

The reason Congress initially enacted § 2255 was the difficulty of administering habeas petitions under 28 U.S.C. § 2241.  Previously, prisoners had challenged their federal convictions by filing a petition under § 2241 in the district where the prisoner was confined.  As a result, the few districts in which federal penal institutions were located had an inordinate number of habeas actions and did not have access to the witnesses and records of the sentencing court.  Dorsainvil, 119 F.3d at 249.

---

[2] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  As part of AEDPA, 28 U.S.C. §§ 2254 and 2255 were amended, limiting the availability of collateral review for all motions brought under those sections.

The 1996 amendments retained the original provisions of § 2255 and added both a one-year statute of limitations and restrictions on a prisoner's ability to bring a second or successive motion. The statute of limitations runs from the latest of: 1) the date on which final judgment of conviction becomes final; 2) the date on which impediment to making motion created by the government is lifted; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim could have been discovered.

In addition, Congress required that a second or successive motion must be certified by the appropriate court of appeals. Id. Known as the "gatekeeping provisions," certification restricts a prisoner's ability to bring a second or successive motion by requiring that the new motion contain either: 1) newly discovered evidence that, if proven, would be sufficient to establish that movant was not guilty; or 2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

Prisoners may attempt to circumvent the statute of limitation and gatekeeping provisions of § 2255 by bringing a claim for collateral review of conviction or sentence under § 2241. As noted previously, a § 2241 petition is only available to

attack the validity of a conviction or sentence in the very limited situation where a § 2255 is inadequate or ineffective.

In ruling on the issue of inadequate or ineffective, the appellate courts have instructed that a motion under § 2255 is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."  Galante, 437 F.2d at 1165 (3d Cir. 1971)(quoting United States ex rel. Leguillou v. Davis, 212 F. 2d 681, 684 (3d Cir. 1954)).  It has also been established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir 1966).

Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court have been held to be insufficient in and of themselves to show that the motion remedy is inadequate and ineffective.  Tripati v. Herman, 843 F.2d 1169, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F. 2d 395, 396 (3d Cir. 1966)(per curiam).  "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative ...."  Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986).  The United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court

7

under § 2255, a § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a § 2255 inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil,119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124

F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

In a recent decision, this Court addressed a similar, at times identical § 2241 petition filed by a Jamaican inmate at LSCI-Allenwood. See Adams v. Apker, Civil No. 4:CV-05-720, slip op. (April 18, 2005)(McClure, J.). In both Adams and the present case, the request for § 2241 relief was not based on any newly discovered evidence or any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Likewise, both Adams and Green acknowledge that their challenged federal convictions were the result of guilty pleas.

In Adams, this Court concluded that the petitioner did not establish that "his remedy under § 2255 was inadequate or ineffective under the standards announced in Dorsainvil and Triestman." Id. at p. 9. The same analysis is applicable in the present case. Accordingly, it is the conclusion of this Court that Green may not challenge his federal criminal conviction from the Southern District of Florida in a § 2241 petition. Therefore, the filing of a § 2255 motion or an application to file a second or successive § 2255 petition (submitted to the appropriate Circuit Court of

Appeals) are the only vehicles available to Petitioner. [3]

**St. Cyr**

Green's petition also indicates that the imposition of his BICE detainer is improper under St. Cyr. The Petitioner is apparently alleging that the detainer should be lifted on the basis that it is the result of an unconstitutionally obtained federal criminal conviction.

St. Cyr held that the Antiterroism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA)'s elimination of § 212(c) discretionary relief could not be retroactively applied to pre-enactment guilty or nolo contendre pleas. Specifically, the Supreme Court stated that "section 212(c)[4] is available for aliens, like respondent [St. Cyr] whose convictions, were obtained through plea agreements and who, notwithstanding those convictions would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." St. Cyr, 533 U.S. at 326. The decision relied heavily on the fact that St. Cyr to his detriment entered a plea almost certainly

---

[3] There is no indication in the petition as to whether Green previously sought relief via a § 2255 action.

[4] Under § 212(c), any permanent resident alien present in the United States for seven (7) years or more could apply for a discretionary waiver of deportation. However, based on the Petitioner's own admission he has only been in this country since 2002.

based upon the likelihood that by doing so he would obtain a deportation waiver. See id.

Green acknowledges that his federal conviction via entry of a guilty plea took place on August 14, 2003. It is that date which "determines which provision determines the alien's entitlement to apply for discretionary relief." Chalas-Zapata v. Ashcroft, 305 F. Supp.2d 333, 338 (S.D. N.Y. 2004). The IIRIRA took effect in April, 1997, long before Green's conviction. See id. Consequently, the Petitioner's post-enactment conviction does not entitle him to relief under St. Cyr. As noted in Adams, St. Cyr was not challenging the legality of a federal criminal sentence. Thus, unlike the instant Petitioner, St. Cyr did not have the availability of a § 2255 remedy.

The petition for writ of habeas corpus will be dismissed without prejudice. If appropriate, Green may reassert his present arguments in a § 2255 petition or in an application to file a second or successive § 2255 petition before the appropriate Circuit Court of Appeals. Consequently,

**IT IS THEREFORE ORDERED THAT:**

    1.    Petitioner is granted temporary leave to proceed in forma pauperis for the sole purpose of filing this action.

    2.    The petition for writ of habeas corpus is dismissed without

   prejudice.

 3. The Clerk of Court is directed to close this case.

 4. There is no basis for the issuance of a certificate of appealability.

      s/ James F. McClure, Jr.
      JAMES F. McCLURE, JR.
      United States District Judge